**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of __Delaware__
                    (State)

Case number (If known): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy      12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's name**  
   Swift Energy Company

2. **All other names debtor used in the last 8 years**  
   Include any assumed names, trade names, and *doing business as* names  
   N/A

3. **Debtor's federal Employer Identification Number (EIN)**  
   20-3940661

4. **Debtor's address**

   **Principal place of business**  
   17001 Northchase Drive, Ste. 100  
   Number   Street  
   
   Houston    TX    77060  
   City    State    ZIP Code
   
   Harris  
   County

   **Mailing address, if different from principal place of business**  
   Number   Street  
   
   P.O. Box  
   
   City    State    ZIP Code

   **Location of principal assets, if different from principal place of business**  
   Number   Street  
   
   City    State    ZIP Code

5. **Debtor's website (URL)**   www.swiftenergy.com

6. **Type of debtor**  
   ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  
   ☐ Partnership (excluding LLP)  
   ☐ Other. Specify: _____

Debtor   **Swift Energy Company**                                    Case number (if known) _____
       Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/ .

   1   3   1   1   This is the Debtor's 4-digit SIC code. The Debtor's 6-digit NAICS code is 211111.

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check all that apply:*      (on a consolidated basis)

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ■ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ■ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No
☐ Yes. District _____ When _____ Case number _____
                                   MM / DD / YYYY
       District _____ When _____ Case number _____
                                   MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
■ Yes. Debtor **See attached Schedule 1**     Relationship **Affiliate**
       District **Delaware**                           When **Date Hereof**
                                                       MM / DD / YYYY
       Case number, if known _____

Debtor   **Swift Energy Company**                        Case number (if known) _____
         Name

**11. Why is the case filed in *this* district?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

Why does the property need immediate attention? (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

Where is the property? _____
                       Number     Street

_____
City                              State    ZIP Code

Is the property insured?

☐ No
☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information** (on a consolidated basis)

**13. Debtor's estimation of available funds**

Check one:

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49              ☐ 1,000-5,000        ☐ 25,001-50,000
☐ 50-99             ☐ 5,001-10,000       ☐ 50,001-100,000
☐ 100-199           ■ 10,001-25,000      ☐ More than 100,000
☐ 200-999

**15. Estimated assets**

☐ $0-$50,000            ☐ $1,000,001-$10 million      ☐ $500,000,001-$1 billion
☐ $50,001-$100,000      ☐ $10,000,001-$50 million     ■ $1,000,000,001-$10 billion
☐ $100,001-$500,000     ☐ $50,000,001-$100 million    ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million   ☐ $100,000,001-$500 million   ☐ More than $50 billion

---

Debtor  Swift Energy Company
        Name

Case number (if known) _____

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ■ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 12/31/2015
MM / DD / YYYY

X _/s/ Alton D. Heckaman, Jr._
Signature of authorized representative of debtor

Alton D. Heckaman, Jr.
Printed name

Title Executive Vice President and Chief Financial Officer

**18. Signature of attorney**

X _/s/ Daniel J. DeFranceschi_
Signature of attorney for debtor

Date 12 / 31 / 2015
MM / DD / YYYY

Daniel J. DeFranceschi
Printed name

Richards, Layton & Finger, P.A.
Firm name

920           North King Street
Number    Street

Wilmington                          DE        19801
City                                State     ZIP Code

(302) 651-7700                      defranceschi@rlf.com
Contact phone                       Email address

2732                                DE
Bar number                          State

**SCHEDULE 1**

       On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case (collectively, the "<u>Debtors</u>"), filed a petition in this Court for relief under chapter 11 of the Bankruptcy Code.  Contemporaneously with the filing of their petitions, the Debtors filed a motion requesting that the Court consolidate their chapter 11 cases for administrative purposes only.

       Swift Energy Company
       Swift Energy International, Inc.
       Swift Energy Group, Inc.
       Swift Energy USA, Inc.
       Swift Energy Alaska, Inc.
       Swift Energy Operating, LLC
       GASRS LLC
       SWENCO-Western, LLC
       Swift Energy Exploration Services, Inc.

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# UNITED STATES BANKRUPTCY COURT

In re  Swift Energy Company    ,    )    Case No. _____
             Debtor                )
                                   )
                                   )    Chapter 11

### Attachment to Voluntary Petition for Non-Indivudals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is  0000351817  .

2. The following financial data is the latest available information and refers to the debtor's condition on  September 30, 2015  .

   a. Total assets                                           $  $1,024,000,000
   b. Total debts (including debts listed in 2.c., below)    $  $1,349,000,000

   c. Debt securities held by more than 500 holders:                              Approximate number of holders:

   secured ☐    unsecured ☒    subordinated ☐    $ $405,250,000    Unknown
   secured ☐    unsecured ☒    subordinated ☐    $ $257,422,000    Unknown
   secured ☐    unsecured ☒    subordinated ☐    $ $230,824,000    Unknown
   secured ☐    unsecured ☐    subordinated ☐    $ _____     _____
   secured ☐    unsecured ☐    subordinated ☐    $ _____     _____

   d. Number of shares of preferred stock         N/A
   e. Number of shares common stock               44,711,933       Unknown

   Comments. if any:

3. Brief description of debtor's business:

   The Debtor is an independent onshore energy company engaged in the exploration, development, production and acquisition of oil and natural gas properties. The Debtor is headquartered in Houston, Texas, and its primary operations are focused in the Eagle Ford trend of South Texas and, to a lesser extent, the onshore and inland waters of Louisiana.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:  Fidelity Management & Research Company

**SWIFT ENERGY COMPANY**

**(a Texas corporation)**

**December 31, 2015**

I, Christopher M. Abundis, the undersigned Secretary of Swift Energy Company (the "<u>Company</u>") do hereby certify that: (a) I am the duly elected, qualified Secretary of the Company; (b) the following resolutions were duly adopted by the Board of Directors of the Company (the "<u>Board</u>") as of December 31, 2015, in accordance with the requirements of the Company's Restated Certification of Formation, as amended, the Company's Fourth Amended and Restated Bylaws and applicable law; and (c) said resolutions have not been amended, modified or rescinded and are in full force and effect as of the date hereof:

<u>Chapter 11 Filing</u>

>   RESOLVED, that the Company shall be, and it hereby is, authorized to file a voluntary petition (the "<u>Petition</u>") for relief under chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the District of Delaware or such other court as the appropriate officer or officers of the Company shall determine to be appropriate (the "<u>Bankruptcy Court</u>") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect any of the foregoing and the performance of such acts to constitute the reasonableness, advisability, expedience, convenience, appropriateness or necessity thereof; and

>   FURTHER RESOLVED, that the chief executive officer, CRO (as defined below), chief operating officer, chief financial officer, senior vice president of the Company and any other officer of the Company that the chief executive officer may designate from time to time (collectively, the "<u>Designated Officers</u>") shall be, and each of them, acting alone, hereby is, authorized and empowered on behalf of, and in the name of, the Company, to: (a) execute, acknowledge, deliver and verify the Petition and all other ancillary documents, and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made prior to execution thereof any modifications to the Petition or ancillary documents as any such Designated Officer, in such officer's discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions; (b) execute, acknowledge, deliver, verify and file or cause to be filed all petitions, schedules, statements, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; (c) execute, acknowledge, deliver and verify any and all other documents

necessary or appropriate in connection therewith or to administer the Company's chapter 11 case in such form or forms as any such Designated Officer may approve; and (d) the actions of any Designated Officer taken pursuant to this resolution, including the execution, acknowledgment, delivery and verification of the Petition and all ancillary documents and all other agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Designated Officer's approval and the necessity or desirability thereof.

Debtor in Possession Financing Facility

RESOLVED, that the Company, as debtor and debtor in possession under chapter 11 of the Bankruptcy Code, shall be, and it hereby is, authorized to: (a) enter into a new debtor in possession financing facility and any associated documents and consummate the transactions contemplated therein (collectively, the "Financing Transactions") with such lenders and on such terms substantially consistent with those presented to the Board on or prior to the date hereof and as may be further approved, modified or amended by any one or more of the Designated Officers, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company; and (b) pay related fees and grant security interests in and liens upon some, all or substantially all of the Company's assets, in such case, as may be deemed necessary or desirable by any one or more of the Designated Officers in connection with the Financing Transactions; and

FURTHER RESOLVED, that: (a) the Designated Officers shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, notices and any and all other documents as any of the Designated Officers may deem necessary or appropriate to facilitate the Financing Transactions (collectively, the "Financing Documents"); (b) Financing Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or desirable by any of the Designated Officers are hereby approved; and (c) the actions of any Designated Officer taken pursuant to this resolution, including the execution, acknowledgment, delivery and verification of all agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Designated Officer's approval thereof and the necessity or desirability thereof.

Restructuring Support Agreement and Plan

RESOLVED, that the Company, as debtor and debtor in possession under chapter 11 of the Bankruptcy Code, shall be, and it hereby is, authorized to: (a) enter into the Restructuring Support Agreement between the Debtors and the noteholders party thereto and any associated documents (the "RSA") and consummate, and

perform under, the transactions contemplated therein and on such terms substantially consistent with those presented to the Board on or prior to the date hereof and as may be further approved, modified or amended by any one or more of the Designated Officers, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company; and (b) pay related fees and expenses as may be deemed necessary or desirable by any one or more of the Designated Officers in connection with the RSA;

FURTHER RESOLVED, that the Company, as debtor and debtor in possession under chapter 11 of the Bankruptcy Code, shall be, and it hereby is, authorized to: (a) execute and file a chapter 11 plan (the "Plan"), associated disclosure statement (the "Disclosure Statement"), and any associated documents, and consummate, and perform under, the transactions contemplated therein on such terms substantially consistent with those presented to the Board on or prior to the date hereof and as may be further approved, modified or amended by any one or more of the Designated Officers, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company; and (b) pay related fees as may be deemed necessary or desirable by any one or more of the Designated Officers in connection with the Plan or Disclosure Statement; and

FURTHER RESOLVED, that: (a) the Designated Officers shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions and execute, acknowledge, deliver and verify the RSA, the Plan, and Disclosure Statement, and such agreements, certificates, notices and any and all other documents as any of the Designated Officers may deem necessary or appropriate in connection with the RSA, the Plan, the Disclosure Statement and any other related documents (the "Restructuring Documents"); (b) Restructuring Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or desirable by any of the Designated Officers are hereby approved; (c) the Designated Officers shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to authorize counsel to draft, file and seek approval of the Restructuring Documents, including approval of the Disclosure Statement and confirmation of the Plan; and (d) the actions of any Designated Officer taken pursuant to this resolution, including the execution, acknowledgment, delivery and verification of all agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Designated Officer's approval thereof and the necessity or desirability thereof.

<u>Appointment of Chief Restructuring Officer</u>

RESOLVED, that effective as of December 31, 2015, Dean E. Swick shall be and hereby is appointed as the Company's chief restructuring officer ("CRO"), the CRO serving as an officer of the Company in such capacity, and with such reporting structure and scope of services as described in the December 31, 2015

NAI-1500644749v3

letter agreement between Alvarez & Marsal North America LLC and the Company.

Retention of Professionals and Claims and Noticing Agent

RESOLVED, that the Designated Officers shall be, and each of them hereby is, authorized and empowered to retain, on behalf of, and in the name of, the Company: (a) Jones Day; (b) Richards, Layton & Finger, P.A.; (c) Lazard Freres & Co, LLC; (d) Alvarez & Marsal North America LLC; (e) Kurtzman Carson Consultants LLC; and (f) such additional professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants or brokers, in each case as in any such Designated Officer's judgment may be necessary or desirable in connection with the Company's chapter 11 case and other related matters, on such terms as such officer or officers shall approve and such Designated Officer's retention thereof to constitute conclusive evidence of such Designated Officer's approval and the necessity and desirability thereof; and

FURTHER RESOLVED, that the law firm Jones Day and any additional special or local counsel selected by the Designated Officers, if any, shall be, and hereby are, authorized and empowered to represent the Company, as debtor and debtor in possession, in connection with any chapter 11 case commenced by or against it under the Bankruptcy Code.

Additional Resolutions

RESOLVED, that, in addition to the specific authorizations heretofore conferred upon the Designated Officers, each of the officers of the Company or their designees shall be, and each of them, acting alone, hereby is, authorized and empowered, in the name of, and on behalf of, the Company to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments, amendments and other documents and to pay all expenses, including filing fees, in each case as in such officer's or officers' judgment shall be necessary or desirable in order fully to carry out the intent and accomplish the purposes of the resolutions adopted herein;

FURTHER RESOLVED, that all acts lawfully done or actions lawfully taken or to be taken by any officer or officers of the Company in connection with any of the foregoing matters in all respects are hereby ratified, confirmed and approved; and

FURTHER RESOLVED, that any Designated Officer shall be, and each of them, acting alone, hereby is, authorized to certify and deliver, to any person to whom such certification and delivery may be deemed necessary or appropriate in the opinion of such Designated Officer, a true copy of the foregoing resolutions.

(Signature Page Follows)

IN WITNESS WHEREOF, the undersigned has caused this certificate to be executed as of this 31 day of December, 2015.

                                                */s/ Christopher M. Abundis*
                                                Christopher M. Abundis
                                                Secretary

AEF

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| SWIFT ENERGY COMPANY, *et al.*,[1] | : | Case No. 15-_____ (____) |
| | : | |
| Debtors. | : | (Joint Administration Requested) |
| | : | |

**CERTIFICATION OF CONSOLIDATED LIST OF CREDITORS WHO
HAVE THE 20 LARGEST UNSECURED CLAIMS AND ARE NOT INSIDERS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby certify that the Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (the "Top 20 List") submitted herewith contains the names and addresses of the Debtors' top 20 unsecured creditors. To the best of the Debtors' knowledge, the Top 20 List is complete, correct, and consistent with the Debtors' books and records as of the date hereof (the "Petition Date").

The information contained in the Top 20 List is based upon a review of the Debtors' books and records as of the Petition Date. However, no comprehensive legal or factual investigations with regard to possible defenses to any claims set forth in the Top 20 List have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claim; (2) an acknowledgement of the allowability of any listed claim; or (3) a waiver of any other right or legal position of the Debtors.

---

[1] The Debtors are the following nine entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Swift Energy Company (0661); Swift Energy International, Inc. (6721); Swift Energy Group, Inc. (8150); Swift Energy USA, Inc. (8212); Swift Energy Alaska, Inc. (6493); Swift Energy Operating, LLC (2961); GASRS LLC (4381); SWENCO-Western, LLC (0449); and Swift Energy Exploration Services, Inc. (2199). The address of each of the Debtors is 17001 Northchase Drive, Suite 100, Houston, Texas 77060.

NAI-1500745496v1

| Fill in this information to identify the case: |
|---|
| Debtor name  Swift Energy Company *et al.* |
| United States Bankruptcy Court for the: _____ District of __Delaware_____ |
| Case number (If known): _____ |

☐  Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders     12/15

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Wilmington Trust, N.A. 350 Park Avenue New York, NY  10022 | Vito J. Iacovazzi Vice President  Phone: (212) 415-0522 Fax: (860) 313-0548 Email: vito@wilmingtontrust.com | 7.875% Senior Notes Due 2022 | | | | $410,500,000 |
| 2 | Wilmington Trust, N.A. 350 Park Avenue New York, NY  10022 | Vito J. Iacovazzi Vice President  Phone: (212) 415-0522 Fax: (860) 313-0548 Email: vito@wilmingtontrust.com | 7.125% Senior Notes Due 2017 | | | | $260,390,625 |
| 3 | Wilmington Trust, N.A. 350 Park Avenue New York, NY  10022 | Vito J. Iacovazzi Vice President  Phone: (212) 415-0522 Fax: (860) 313-0548 Email: vito@wilmingtontrust.com | 8.875% Senior Notes Due 2020 | | | | $234,152,344 |
| 4 | Weatherford Artificial Lift Systems 2000 St James Place Houston, TX  77056 | Rex Wilson President  Phone: (713) 836 4000 | Trade Debt | | | | $4,224,598 |
| 5 | Vincent, Bruce Address on file | Bruce Vincent Past President  Phone: On file Email: On file | Severance Agreement | | | | $2,328,902 |
| 6 | Texas Pipeline Webb County Lean System LLC 17806 IH-10 West Suite 210 San Antonio, TX  78257 | Mauro Padilla III President  Phone: (210) 298.2237 | Trade Debt | Unliquidated | | | $1,900,000 (Estimate) |
| 7 | Straight Line Const., Inc. 5115 W Hwy 59 Freer, TX  78357 | JP Garza Chief Executive Officer  Phone: (361) 813-0612 | Trade Debt | | | | $1,798,432 |
| 8 | Sidewinder Drilling Inc. 952 Echo Lane Suite 460 Houston, TX  77024 | Jon Cole Chairman and CEO  Phone: (832) 320-7600 Fax: (832) 320-7699 | Trade Debt | | | | $1,517,865 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9  Exterran Energy Solutions LP<br>4444 Brittmoore<br>Houston, TX  77041 | Andrew J. Way<br>President and CEO<br><br>Phone: (281) 836-7000 | Trade Debt | | | | $1,426,209 |
| 10 CDM Resource Management LLC<br>20405 Tomball Parkway<br>Suite 700<br>Two Chasewood Technology Park<br>Houston, TX  77070 | Randall H. Dean<br>President and CEO<br><br>Phone: (281) 376-2980<br>Fax: (281) 378-5839 | Trade Debt | | | | $1,281,617 |
| 11 Baker Hughes Business Support Services<br>2929 Allen Parkway, Suite 2100<br>Houston, TX  77019-2118 | Martin Craighead<br>Chairman and CEO<br><br>Phone: (713) 439-8600<br>Fax: (713) 439-8699 | Trade Debt | | | | $1,090,006 |
| 12 Key Energy Services, Inc.<br>1301 McKinney<br>Suite 1800<br>Houston, TX  77010 | Richard J. Alario<br>Chief Executive Officer<br><br>Phone: (713) 651-4300 | Trade Debt | | | | $1,008,128 |
| 13 Border Lease Services<br>3905 Rotary Road<br>Laredo, TX  78043 | Ramiro Alarcon<br>Owner / General Manager<br><br>Phone: (956) 728-1959<br>Fax: (956) 728-1797 | Trade Debt | | | | $956,614 |
| 14 Mitchell, James P.<br>Address on file | James Mitchell<br>Past Senior Vice President--Land and Commercial Transactions<br><br>Phone: On file<br>Email: On file | Severance Agreement | | | | $750,551 |
| 15 Saka Energi Fasken LLC<br>The Energy, 11th Floor<br>J1. Jenderal Sudirman Kav. 52 - 53<br>Jakarta,  12190 Indonesia | Tumbur Parlindungan<br>Operational Director<br><br>Phone:  +6221 2995 1000<br>Fax: +6221 2995 1001<br>Email: tumbur.parlindungan@sakaenergi.com | Working Interest Partner | Unliquidated | | | Undetermined |
| 16 Anadarko Petroleum Corporation<br>1201 Lake Robbins Drive<br>The Woodlands, TX  77380 | R. A. Walker<br>Chairman, President & CEO<br><br>Phone: (832) 636-1000 | Working Interest Partner | Unliquidated & Disputed | | | Undetermined |
| 17 Fasken Oil and Ranch Ltd<br>6101 Holiday Hill Road<br>Midland, TX  79707 | Norbert Dickman<br>General Manager<br><br>Phone: (432) 687-1777<br>Fax: (432) 687-2509 | Royalty | Unliquidated | | | Undetermined |
| 18 Quintanilla, Leo O.<br>101 Ash Street<br>Tilden, TX  78072 | Leo O. Quintanilla<br><br>Phone: (361) 274-3322 | Royalty | Unliquidated | | | Undetermined |
| 19 State of Texas - General Land Office<br>Stephen F Austin Building<br>1700 North Congress Ave<br>Austin, TX  78701-1495 | George Prescott Bush<br>Texas Land Commissioner<br><br>Phone: (512) 463-5001 | Royalty | Unliquidated | | | Undetermined |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 | Terrance M. Shelley v. Swift Energy Operating, LLC and Swift Energy Company, In the USDC for the Eastern District of Louisiana, No. 13-5552  Scheuermann & Jones  One Shell Square  701 Poydras Street  New Orleans, LA  70139 | Lawrence Blake Jones, Joshua L. Rubenstein  Scheuermann & Jones  Phone: 504-525-4361  Fax: 505-525-4380 | Litigation | Contingent, Unliquidated & Disputed | | | Undetermined |

Fill in this information to identify the case and this filing:

Debtor Name: **Swift Energy Company**

United States Bankruptcy Court for the: _____ District of **Delaware**
(State)

Case number (If known): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration  Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/31/2015        ✗ /s/ Alton D. Heckaman, Jr.
MM / DD / YYYY                   Signature of individual signing on behalf of debtor

                                 Alton D. Heckaman, Jr.
                                 Printed name

                                 Executive Vice President and Chief Financial Officer
                                 Position or relationship to debtor

Official Form 202    Declaration Under Penalty of Perjury for Non-Individual Debtors

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| SWIFT ENERGY COMPANY,[1] a Texas Corporation, | Case No. 15-_____ (____) |
| Debtor. | (Joint Administration Requested) |

**STATEMENT OF CORPORATE OWNERSHIP**

Pursuant to Federal Rules of Bankruptcy Procedures 1007(a)(1) and 7007.1, Swift Energy Company ("Swift Energy") on behalf of itself and its affiliated debtors in the above-captioned cases (collectively, the "Debtors"), respectfully represents as follows:

1. Swift Energy is the corporate parent of each of the other Debtors in these chapter 11 cases and directly or indirectly owns 100% interest in all of the Debtors.[2]

2. Swift Energy's equity securities are publicly held. Fidelity Management & Research Company owns 13.89% of the issued and outstanding common stock of Swift Energy (as of September 30, 2015). No other entity directly or indirectly owns 10% of more of the issued and outstanding common stock of Swift Energy.

---

[1] The last four digits of the Debtor's taxpayer identification number is 0661 and its address is 17001 Northchase Drive, Suite 100, Houston, Texas 77060.

[2] A corporate organization chart depicting the ownership structure of the Debtors is attached as Exhibit A to the Declaration of Dean E. Swick in Support of First Day Pleadings, which was filed contemporaneously herewith.

NAI-1500638949v2

**Fill in this information to identify the case and this filing:**

Debtor Name: Swift Energy Company

United States Bankruptcy Court for the: District of Delaware (State)

Case number (If known): _____

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration  Statement of Corporate Ownership, List of Equity Security Holders Over 10%

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 12/31/2015        X /s/ Alton D. Heckaman, Jr.
MM / DD / YYYY                Signature of individual signing on behalf of debtor

Alton D. Heckaman, Jr.
Printed name

Executive Vice President and Chief Financial Officer
Position or relationship to debtor

Official Form 202        Declaration Under Penalty of Perjury for Non-Individual Debtors