**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| SWIFT ENERGY COMPANY, *et al.*,[1] | Case No. 15-12670 (MFW) |
| Debtors. | (Jointly Administered) |

## AFFIDAVIT OF PUBLICATION OF THE NOTICE OF BAR DATES FOR FILING CLAIMS IN THE HOUSTON CHRONICLE

---

[1] The Debtors are the following nine entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Swift Energy Company (0661); Swift Energy International, Inc. (6721); Swift Energy Group, Inc. (8150); Swift Energy USA, Inc. (8212); Swift Energy Alaska, Inc. (6493); Swift Energy Operating, LLC (2961); GASRS LLC (4381); SWENCO-Western, LLC (0449); and Swift Energy Exploration Services, Inc. (2199). The address of each of the Debtors is 17001 Northchase Drive, Suite 100, Houston, Texas 77060.

# AFFIDAVIT OF PUBLICATION

## STATE OF TEXAS:
## COUNTY OF HARRIS:

Before me, the undersigned authority, a Notary Public in and for the State of Texas, on this day personally appeared, the Newspaper Representative at the HOUSTON CHRONICLE, a daily newspaper published in Harris County, Texas, and generally circulated in the Counties of : HARRIS, TRINITY, WALKER, GRIMES, POLK, SAN JACINTO, WASHINGTON, MONTGOMERY, LIBERTY, AUSTIN, WALLER, CHAMBERS, COLORADO, BRAZORIA, FORT BEND, GALVESTON, WHARTON, JACKSON, and MATAGORDA and that the publication, of which the annexed herein, or attached to, is a true and correct copy, was published to-wit: 02-10-2016

CLIENT # SWIFT

AD # 106824  ACCT # 043930320

_Edward Silva_ (signature)

**Edward Silva**
**ACCT. REC. CLERK**

Sworn and subscribed to before me, this the 11th Day of February A.D. 2016

_Charles E Walichowski_ (signature)

Notary Public in and for the State of Texas

[Notary Seal: CHARLES E WALICHOWSKI, NOTARY PUBLIC, STATE OF TEXAS, EXPIRES MAY 19, 2018]

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

In re SWIFT ENERGY COMPANY, et al.,[1] : Chapter 11
: Case No. 15-12670 (MFW)
Debtors. : (Jointly Administered)

**NOTICE OF BAR DATES FOR FILING CLAIMS TO ANY CREDITORS OF THE ABOVE-CAPTIONED ENTITIES (COLLECTIVELY, THE "DEBTORS"):**

On February 1, 2016, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Bar Date Order") in the above-captioned chapter 11 cases establishing certain claims bar dates.

**THE BAR DATES.** The Bar Date Order establishes the following bar dates for filing claims in these cases (collectively, the "Bar Dates"):

The General Bar Date. Pursuant to the Bar Date Order, except as described below, all entities holding claims (whether secured, unsecured, priority or unsecured nonpriority, including section 503(b)(9) claims) against the Debtors that arose before December 31, 2015 (the "Petition Date") must file proofs of claim by the General Bar Date (i.e., by March 4, 2016 at 5:00 p.m., prevailing Eastern Time). The claims subject to the General Bar Date are referred to herein as "General Claims."

The Governmental Bar Date. Pursuant to the Bar Date Order, except as described below, all governmental units holding claims (whether secured, unsecured, priority or unsecured nonpriority, including section 502(b)(9) claims) against the Debtors that arose before the Petition Date must file proofs of claim by the Governmental Bar Date (i.e., by June 28, 2016 at 5:00 p.m., prevailing Eastern Time).

The Rejection Bar Date. Any entity whose claims arise out of the Court-approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation of a plan in the applicable Debtor's chapter 11 case, must file a proof of claim on or before the later of: (i) the General Bar Date and (ii) 30 days after the entry of the order providing for the rejection of such executory contract or unexpired lease. The later of these dates is referred to in this notice as the "Rejection Bar Date."

The Amended Schedules Bar Date. If, subsequent to the mailing date of this notice, a Debtor amends or supplements its Schedules of Assets and Liabilities (the "Schedules") to reduce the undisputed, noncontingent and liquidated amount, to change the nature or classification of a claim against a Debtor reflected therein or add claims, any affected entities that dispute such changes are required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of: (i) the General Bar Date; and (ii) 30 days after the date that notice of the applicable amendment is served on the claimant. The later of these dates is referred to in this notice as the "Amended Schedules Bar Date."

**FILING CLAIMS**

1. **WHO MUST FILE.** Subject to terms described above for holders of claims subject to the Governmental Bar Date, Rejection Bar Date, and the Amended Schedules Bar Date, the following entities must file proofs of claim on or before the General Bar Date:

a. any entity (i) whose prepetition claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as disputed, contingent, or unliquidated and (ii) that desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases; and

b. any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount or against an incorrect Debtor and that desires to have its claim allowed in a classification or amount or against a Debtor different from the classification, amount or Debtor identified in the Schedules.

2. **WHAT TO FILE**

Prepetition Claims. Parties asserting claims against the Debtors that arose before the Petition Date, including section 503(b)(9) claims, must use the copy of the proof of claim form (the "Proof of Claim Form") available at www.kccllc.net/swiftenergy (the "Claims Agent Website").

3. **WHEN AND WHERE TO FILE.** Entities must file a Proof of Claim Form so it is received on or before the applicable Bar Dates at the following address: Swift Energy Company Claims Processing Center, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

Forms will be deemed filed when **actually received** by the Debtors' claims agent, Kurtzman Carson Consultants LLC, ("KCC"). **Forms may not be delivered via facsimile or electronic mail transmission.** Any facsimile or electronic mail submissions will not be accepted and will not be deemed filed until a claim is submitted by one of the methods described above.

Forms will be collected, docketed and maintained by KCC. If you want to receive acknowledgement of KCC's receipt of a form, you must submit by the applicable Bar Dates and concurrently with submitting your original form (i) a copy of the original form and (ii) a self-addressed, postage prepaid return envelope.

All forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. The form must be written in English and be denominated in United States currency. You should attach to your completed form any documents on which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

Any entity asserting claims against multiple Debtors must file a separate form with respect to each Debtor. In addition, any entity filing a claim must identify on its form the particular Debtor against which the entity asserts its claim. Any claim filed under the joint administration case number, Swift Energy Company, Case No. 15-12670 (MFW), or that otherwise fails to identify a Debtor shall be deemed as filed only against Debtor Swift Energy Company. If an entity lists more than one Debtor on any one form, the relevant claims will be treated as filed only against the first listed Debtor.

4. **ENTITIES NOT REQUIRED TO FILE A CLAIM.** The Bar Date Order further provides that the following entities, whose claims otherwise would be subject to the General Bar Date or the Governmental Bar Date, need not file claims in these cases:

a. any entity that already has filed a signed proof of claim against the applicable Debtor(s) in a form substantially similar to Official Bankruptcy Form No. 410 with: (i) the Clerk of the Bankruptcy Court for the District of Delaware; or (ii) the Debtors' claims and noticing agent, KCC;

b. any entity (i) whose claim against a Debtor is not listed as "disputed," "contingent," or "unliquidated" in the Schedules and (ii) agrees with the nature, classification and amount of its claim as identified in the Schedules;

c. any entity whose claim against a Debtor previously has been allowed by, or paid pursuant to, an order of the Court;

d. any Debtor or any of their non-debtor affiliates (as such term is defined in section 101(2) of the Bankruptcy Code);

e. any officer, director or employee of any of the Debtors having a claim against any of the Debtors for indemnification, contribution or reimbursement; and

f. the DIP Agent, the DIP Lenders, the RBL Agent, the RBL Secured Parties, the Indenture Trustee and the Senior Noteholders (as each is defined in the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing on a Super-Priority, Secured Basis and (B) Use Cash Collateral, (II) Granting (A) Liens and Super-Priority Claims and (B) Adequate Protection to Certain Prepetition Lenders, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* (Docket No. 72) (the "Interim DIP Order")); provided, however, that (i) the foregoing exclusion in this subparagraph shall only apply to claims allowed in the Interim DIP Order and (ii) any of the foregoing parties that wishes to assert a claim other than a claim allowed by the Interim DIP Order will be required to file a proof of claim by the General Bar Date, unless another exception identified herein applies.

g. Notwithstanding anything to the contrary set forth herein, in the Bar Date Order or in any other order of the Court, the Indenture Trustee is authorized, but not directed, to file one master proof of claim (any such claim, a "Master Proof of Claim") on behalf of itself and all Senior Noteholders asserting claims for the repayment of principal, interest and/or other applicable fees and charges under the Indentures (as defined in the Interim DIP Order). Any such Master Proof of Claim shall have the same effect as if each applicable Senior Noteholder had individually filed a proof of claim against each applicable Debtor on account of such Senior Noteholder's claims arising under the Indentures. The Indenture Trustee shall not be required to file with a Master Proof of Claim any instruments, agreements or other documents evidencing the obligations referenced in such Master Proof of Claim, which instruments, agreements or other documents will be provided upon written request to counsel for the Indenture Trustee.

For administrative convenience, any Master Proof of Claim authorized in the Bar Date Order shall be filed in the case of *In re Swift Energy Company, et al*, Case No. 15-12670 (MFW) (the "Lead Case") with respect to all amounts owed asserted in such Master Proof of Claim, and such Master Proof of Claim shall be deemed to be filed and asserted by the applicable entity or entities against every Debtor that is liable for the applicable claim so long as such authorized Master Proof of Claim sets forth in reasonable detail the basis for such claim and, to the extent reasonably possible, the amount asserted against each applicable Debtor. No authorized Master Proof of Claim shall be disallowed, reduced or expunged solely on the basis that it is filed only in the Lead Case and only against Debtor Swift Energy Company.

**NO REQUIREMENT FOR STOCKHOLDERS TO FILE PROOFS OF INTEREST.** Any entity holding an interest in the Debtors (an "Interest Holder"), which interest is based exclusively upon the ownership of: (a) a membership interest in a limited liability company; (b) common or preferred stock in a corporation; or (c) warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to herein as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, Interest Holders who want to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance or distribution of the Interest, must file a claim by the applicable Bar Dates, unless another exception identified in this motion applies.

**CONSEQUENCES OF FAILURE TO FILE A CLAIM.** Entities that fail to properly file a Proof of Claim Form by the applicable Bar Date shall not be treated as a creditor with respect to such claim for purposes of voting and distribution.

**ADDITIONAL INFORMATION.** If you require additional information regarding the filing of a claim, you may contact KCC at (888) 251-2764 or by submitting an inquiry at www.kccllc.net/swiftenergy. Copies of the Bar Date Order and other information regarding the Debtors' chapter 11 cases are available for inspection free of charge on KCC's website at: www.kccllc.net/swiftenergy.

KCC cannot advise you how to file, or whether you should file, a claim. You may wish to consult an attorney regarding this matter.

A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, INCLUDING WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM FORM.

[1] The Debtors are the following nine entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Swift Energy Company (0661); Swift Energy International, Inc. (6721); Swift Energy Group, Inc. (8150); Swift Energy USA, Inc. (8212); Swift Energy Alaska, Inc. (6493); Swift Energy Operating, LLC (2961); GASRS LLC (4381); SWENCO-Western, LLC (0449); and Swift Energy Exploration Services, Inc. (2199). The address of each of the Debtors is 17001 Northchase Drive, Suite 100, Houston, Texas 77060.