**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| SWIFT ENERGY COMPANY, *et al.*,[1] | : | Case No. 15-12670 (MFW) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | Obj. Deadline: May 12, 2016 at 4:00 p.m. (ET) |
| | : | Re: Docket No. 513 |

**NOTICE REGARDING (A) EXECUTORY CONTRACTS AND
UNEXPIRED LEASES TO BE ASSUMED PURSUANT TO THE
SECOND AMENDED JOINT PLAN OF REORGANIZATION OF THE
DEBTORS AND DEBTORS IN POSSESSION AND SECTION 365 OF THE
BANKRUPTCY CODE, (B) AMOUNTS REQUIRED TO CURE DEFAULTS
UNDER SUCH CONTRACTS AND LEASES AND (C) RELATED PROCEDURES**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.  <u>The Plan</u>.  On March 28, 2016, the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") filed the Second Amended Joint Plan of Reorganization of the Debtors and Debtors in Possession (as amended or modified from time to time, the "<u>Plan</u>").[2]  Among other things, Article V of the Plan provides for certain procedures with respect to the proposed assumption of Executory Contracts and Unexpired Leases pursuant to section 365 of the Bankruptcy Code.

2.  <u>The Confirmation Order</u>.  On March 31, 2016, the Bankruptcy Court entered an order confirming the Plan attached thereto (the "<u>Confirmation Order</u>").  Pursuant to Article V of the Plan, the entry of the Confirmation Order will constitute an order approving the

---

[1]  The Debtors are the following nine entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  Swift Energy Company (0661); Swift Energy International, Inc. (6721); Swift Energy Group, Inc. (8150); Swift Energy USA, Inc. (8212); Swift Energy Alaska, Inc. (6493); Swift Energy Operating, LLC (2961); GASRS LLC (4381); SWENCO-Western, LLC (0449); and Swift Energy Exploration Services, Inc. (2199).  The address of each of the Debtors is 17001 Northchase Drive, Suite 100, Houston, Texas 77060.

[2]  Capitalized terms used but not otherwise defined herein have the meanings given to them in the Plan.

assumption of each assumed Executory Contract or Unexpired Lease, effective as of the Effective Date.  **You will receive an additional notice of the Effective Date when the Effective Date occurs.**

   3. Executory Contracts and Unexpired Leases to Be Assumed.  **Schedule 1 attached hereto identifies the Executory Contracts or Unexpired Leases to be assumed by the Debtors (as it may be amended, the "Assumption and Cure Schedule") to which you are (or your affiliate or client is) a counterparty.**  The Assumption and Cure Schedule sets forth, among other information, the proposed Cure Amount (as defined below) for each Assumed Contract or Lease.  **You should locate your name, your contract and the associated proposed Cure Amount on the Assumption and Cure Schedule.**

   4. Proposed Amounts Required to Cure Defaults.  Section 365(b)(1)(A) of the Bankruptcy Code requires that the Debtors cure, or provide adequate assurance that they will promptly cure, defaults under the Executory Contracts and Unexpired Leases at the time of assumption.  The Debtors have determined the amounts that will be required to cure defaults under the Assumed Contract or Lease (the "Cure Amount") based on the Debtors' books and records and related documents and analyses.  The proposed Cure Amount to be paid on account of each assumed Executory Contract or Unexpired Lease is identified on the attached Schedule 1.

   5. Objections to Proposed Assumption and Cure Amount.  Pursuant to the Plan, any Entity wishing to object to (i) the proposed assumption of an Executory Contract or Unexpired Lease under the Plan or (ii) the proposed amount of the related Cure Amount Claim must File and serve on counsel to the Debtors a written objection (an "Objection") setting forth the basis for the Objection within 20 days of service of this notice.  Counsel to the Debtors may

be served at:

>Daniel J. DeFranceschi
>Zachary I. Shapiro
>Brendan J. Schlauch
>RICHARDS, LAYTON & FINGER, P.A.
>One Rodney Square
>920 North King Street
>Wilmington, Delaware 19801
>Telephone: (302) 651-7700
>Facsimile: (302) 651-7701

>and

>Gregory M. Gordon
>JONES DAY
>2727 N. Harwood Street
>Dallas, Texas 75201
>Telephone: (214) 220-3939
>Facsimile: (214) 969-5100

>Thomas A. Howley
>Paul M. Green
>JONES DAY
>717 Texas, Suite 3300
>Houston, Texas 77002
>Telephone: (832) 239-3939
>Facsimile: (832) 239-3600

6. **Objections to this notice must be served so as to be actually received no later than 4:00 p.m., prevailing Eastern Time, on May 12, 2016 (the "Objection Deadline").** If no objection to the proposed assumption or Cure Amount Claim is properly Filed and served prior to the objection deadline with respect to an Executory Contract or Unexpired Lease: (i) the proposed assumption of the Executory Contract or Unexpired Lease shall be approved in accordance with the Plan and the Confirmation Order, effective as of the Effective Date, without further action of the Bankruptcy Court; and (ii) the Cure Amount Claim identified by the Debtors in this notice shall be fixed and shall be paid in accordance with the Plan on or after the Effective Date, without further action of the Bankruptcy Court, to the appropriate contract or lease party identified on the notice.

7. <u>Resolution of Objection</u>.  If an Objection to the proposed assumption or Cure Amount is properly filed and served prior to the Objection Deadline with respect to an Executory Contract or Unexpired Lease, the Debtors and the objecting party may resolve such Objection by stipulation, without further action of the Bankruptcy Court.

8. <u>Scheduling of Hearing on Objection</u>.  If an objection to the proposed assumption or Cure Amount Claim is properly Filed and served prior to the objection deadline with respect to an Executory Contract or Unexpired Lease and the parties are unable to resolve such objection: (i) the Debtors or Reorganized Debtors may File a reply to such objection no later than 30 days after the Filing and service of such objection and ask the Bankruptcy Court to schedule a hearing on the particular objection and the related reply at an appropriate time; or (ii) the Debtors or Reorganized Debtors, as applicable and with the consent of the Required Consenting Noteholders, may designate the Executory Contract or Unexpired Lease underlying such objection for rejection.

9. <u>Cure Amount Claims</u>.  To the extent that such Claims constitute monetary defaults, the Cure Amount Claims associated with each Executory Contract and Unexpired Lease to be assumed pursuant to the Plan shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, at the option of the Debtor or Reorganized Debtor (and with the consent of the Required Consenting Noteholders) assuming such contract or lease or the assignee of such Debtor or Reorganized Debtor, if any:  (i) by payment of the Cure Amount Claim in cash on the Effective Date or (ii) on such other terms as are agreed to by the parties to such Executory Contract or Unexpired Lease.  Pursuant to section 365(b)(2)(D) of the Bankruptcy Code, no Cure Amount Claim shall be allowed for a penalty rate or other form of default rate of interest.  If there is a dispute regarding:  (i) the amount of any Cure Amount Claim; (ii) the ability of the

applicable Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed; or (iii) any other matter pertaining to assumption of such contract or lease, the payment of any Cure Amount Claim required by section 365(b)(1) of the Bankruptcy Code shall be made following the entry of a Final Order resolving the dispute and approving the assumption.

10. <u>Reservation of Rights</u>.  The designation of any agreement as an assumed Executory Contract or Unexpired Lease shall not constitute or be deemed to be a determination or admission by the Debtors that such agreement is, in fact, an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

11. <u>Document Website</u>. Copies of this Notice, the Plan, the Disclosure Statement and all other pleadings filed in these cases may be obtained free of charge at kccllc.net/swiftenergy.

Dated:  April 22, 2016

Respectfully submitted,

*/s/ Brendan J. Schlauch*
Daniel J. DeFranceschi (DE 2732)
Zachary I. Shapiro (DE 5103)
Brendan J. Schlauch (DE 6115)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

-and-

Gregory M. Gordon (TX 08435300)
JONES DAY
2727 N. Harwood Street
Dallas, Texas  75201
Telephone:  (214) 220-3939
Facsimile:  (214) 969-5100

Thomas A. Howley (TX 24010115)
Paul M. Green (TX 24059854)
JONES DAY
717 Texas, Suite 3300
Houston, Texas 77002
Telephone:  (832) 239-3939
Facsimile:  (832) 239-3600

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION